IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| RINA H. MYHRE, *et al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>WILLIAM DEAN, *et al.*,<br><br>Defendants. | Case No. 25-cv-00531-DKW-KJM<br><br>**ORDER DENYING PLAINTIFFS'**<br>**MOTION TO REMAND**[1] |

Plaintiffs Rina H. Myhre and Jessica Myhre[2] filed this contract dispute action in state court against Defendants William Dean and Ohana Law Firm, LLC. Dkt. No. 5-10. Defendants removed the action to this Court on diversity grounds, Dkt. No. 1, and the Myhres now move to remand, Dkt. No. 11.

Having reviewed the instant motion, the pleadings, the parties' briefs, the relevant legal authorities, and the record generally, the Court finds that remand is not appropriate. Accordingly, the motion to remand is DENIED, as explained below.

---

[1] Pursuant to Local Rule 7.1(c), the Court finds these matters suitable for disposition without a hearing.

[2] This Order refers to Plaintiffs as "the Myhres" collectively and, where appropriate, to each Myhre by first name.

## FACTUAL & PROCEDURAL BACKGROUND

**I.    The Amended Complaint**

The following facts are taken from the Amended Complaint.  Dkt. No. 5-10.

Facing multiple proceedings in a family law dispute concerning divorce and child custody, Jessica agreed to retain Dean, an attorney of Ohana Law Firm, as her counsel.  *Id*. ¶ 11.  In exchange for his representation, Dean would receive a $40,000 interest in real property owned by Jessica's mother, Rina, which Dean insisted come in the form of a quitclaim deed.  *Id*. ¶ 11–12, 29.  Dean would then quitclaim his interest back to Rina "in proportion to funds paid to [him]."  *Id*. ¶ 29.

As relevant here, the Myhres soured on Dean's legal representation, alleging that Dean was unprepared for proceedings, made filings and crucial decisions without consultation, refused to call important witnesses during trial or submit motions Jessica requested, failed to return family documents, made derogatory remarks about the Myhres, and overbilled for his services.  *Id*. ¶¶ 16, 22, 35–46, 57.  Dean also "unilaterally changed the terms of the agreement" with the Myhres, upping his demands to $80,000 and then $130,000, and further demanding that the Myhres sell their house.  *Id*. ¶¶ 32, 54.  Eventually, Dean refused to respond to Jessica and "told her he would only communicate through a mental health therapist." *Id*. ¶ 17.  The Myhres sought relief in several forms, including removing Dean's interest from the subject real property, together with certain fees and costs.  *Id*. at 9.

## II.    Procedural History

On January 1, 2025, the Myhres filed suit against Dean and his law firm in Hawaiʻi state court. Dkt. No. 5-2. On March 20, 2025, the Myhres filed the Amended Complaint, asserting claims of (1) fraudulent misrepresentation; (2) duress; (3) breach of contract; (4) unjust enrichment/lack of consideration; (5) negligence; (6) and intentional infliction of emotional distress. Dkt. No. 5-10. As relevant here, Defendants contested jurisdiction, arguing that they had not been properly served. Dkt. No. 5-40. On December 18, 2025, Defendants removed the action to this Court on the basis of diversity jurisdiction, stating that the Myhres were citizens of Hawaiʻi, Defendants were citizens of California, and the amount in controversy exceeded $75,000. Dkt. No. 1.

On December 31, 2025, the Myhres filed the instant motion to remand, asserting that (1) Defendants failed to establish complete diversity because Dean was a citizen of Hawaiʻi; (2) removal was barred by the forum-defendant rule; (3) removal was untimely; (4) Dean had already appeared in and invoked the jurisdiction of the state court; and (5) Defendants were judicially estopped from asserting federal jurisdiction. Dkt. No. 11. The Myhres further request fees and costs incurred as a result of removal. *Id*. ¶¶ 41–42.

On January 12, 2026, Defendants responded that (1) complete diversity existed at the time of removal because Dean was a citizen of California; (2) the

forum-defendant rule did not apply because Defendants were not citizens of Hawaiʻi and were not properly served; (3) removal was timely because the Myhres did not complete proper service of process; (4) Dean's special appearances in state court to contest service did not waive his right to removal; and (5) the Myhres were not entitled to fees and costs. Dkt. No 15. The Myhres did not reply.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. §§ 1441(a) and 1446(b), any civil action brought in a State court may be removed to federal court by a defendant provided that the federal court would have had original jurisdiction over the action, and the removal is timely. Pursuant to 28 U.S.C. §§ 1331 and 1332(a)(1), this Court has original jurisdiction of all civil actions involving, respectively, (i) federal law and (ii) an amount in controversy in excess of $75,000 and citizens of different States.

"[A]ny doubt about the right of removal requires resolution in favor of remand." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). Further, a defendant has the burden of establishing that removal was proper. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

## DISCUSSION

The Myhres argue that removal was improper on various grounds. The Court disagrees and addresses each argument in turn.

## I.   Diversity

28 U.S.C. § 1332(a) provides for federal jurisdiction over actions involving "citizens of different States" in which the amount in controversy exceeds $75,000. Known as "diversity jurisdiction," such jurisdiction requires "complete diversity between all plaintiffs and all defendants." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). Citizenship of a natural person is "determined by [the person's] state of domicile," which means "where [they] reside[] with the intention to remain or to which [they] intend[] to return." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

When removal is based on diversity jurisdiction, citizenship is "determined (and must exist) as of the time the complaint is filed and removal is effected." *Strotek Corp. v. Air Transp. Ass'n of Am.*, 300 F.3d 1129, 1131 (9th Cir. 2002). Diversity depends on the citizenship of the parties named in the complaint at the time of removal "regardless of service or non-service." *Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969).

The Myhres argue that Defendants have provided "no competent evidence" that Dean is domiciled in California, as opposed to Hawai'i, and therefore have failed to demonstrate complete diversity. Dkt. No. 11 ¶¶ 13–18. Defendants, however, not only state in the notice of removal that Dean is domiciled in California, Dkt. No. 1 at 2, but they support this assertion with a declaration in which Dean attests that

California is his permanent home, has been since September 2021, and that he has not maintained any residence in Hawaiʻi since September 2020, Dkt. No. 15-1. Plaintiffs do not explain why this evidence is not, in their view, "competent" because they did not bother to file a reply brief. In this instance, the record before the Court clearly favors Defendants, and the Court accepts Dean's representation that he is a citizen of California. *See Barron v. Am. Fam. Mut. Ins. Co.*, 741 F. App'x 451, 452 (9th Cir. 2018) (finding that a declaration stating party's domicile sufficed to establish diversity of citizenship); *Mondragon v. Capital One Auto Finance*, 736 F.3d 880, 884 (9th Cir. 2013) ("[C]ourt[s] should consider the entire record to determine whether evidence of residency can properly establish citizenship." (internal quotation marks omitted)).

The Myhres further argue that Dean demonstrated Hawaiʻi citizenship by having "affirmatively litigated" this action in state court. Dkt. No. 11 at 5. This misunderstands the bases for diversity citizenship. The relevant question in determining citizenship for a natural person is where that person is domiciled. Where such a person "affirmatively litigate[s]" is irrelevant. *C.f.*, *Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 454 F. Supp. 3d 1040, 1047 (D. Or. 2020) (a defendant "litigat[ing in a forum state] does not give rise to jurisdiction in future lawsuits because his presence there was not his choice").

The Court is satisfied that Defendants have demonstrated complete diversity.

## II.    Forum-Defendant Rule

In addition to requiring complete diversity, the removal statute sets forth a "forum-defendant rule" on actions removed pursuant to diversity: "such action[s] shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2); *see Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ("[Section] 1441(b) confines removal on the basis of diversity jurisdiction to instances where no defendant is a citizen of the forum state.").

The Myhres argue that removal is "independently barred by the forum-defendant rule" because Ohana Law Firm is "a Hawaiʻi law firm entity with Hawaiʻi contacts and Hawaiʻi-based operations." Dkt. 11 ¶¶ 19–21. But a limited liability company like Ohana "is a citizen of every state of which its owners/members are citizens," not the state in which it was formed or does business. *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) (internal quotation marks omitted). The Myhres do not allege the identities of any members of Ohana in the Amended Complaint, *see* Dkt. No. 5-10, and so provide nothing to support their suggestion that the Law Firm is a citizen of Hawaiʻi. Defendants, on the other hand, allege that the sole member of Ohana is Dean. Dkt. Nos. 1 ¶ 6, 15-1 ¶ 12. This being the case, Ohana Law Firm is a citizen of California, as is Dean. *Supra*, at 5–6. The forum-defendant rule thus does not apply.

### III.     Timeliness

A defendant must file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." 28 U.S.C. § 1446(b).  The U.S. Supreme Court has explained that, under Section 1446(b), counting begins when the defendant is formally served with the summons and complaint.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 350 (1999) (reversing the remand of an action on timeliness grounds and explaining that, "[i]n the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as a defendant.").

Defendants argue that removal was timely because proper service on both Ohana Law Firm and Dean has never occurred.  Dkt. No. 15 at 5–6.  The Myhres acknowledge Defendants' challenges to the sufficiency of service but argue that Plaintiffs *attempted* service nonetheless gave "actual notice", triggering the 30-day removal window.  Dkt. No. 11 ¶ 24.

The Myhres are incorrect.  The Supreme Court has made clear that the time to remove is triggered by proper, not attempted, service of process.  *Murphy Bros.*, 526 U.S. at 347–48.  Mere "[a]ctual notice of the action is insufficient; rather, the defendant must be notified of the action, and brought under a court's authority, by formal process, before the removal period begins to run."  *Quality Loan Service*

*Corp. v. 24702 Pallas Way, Mission Viejo, CA 92691*, 635 F.3d 1128, 1133 (9th Cir. 2011) (internal citations omitted). In other words, even if Defendants were constructively put on notice that the lawsuit existed, such notice alone would not cause the removal deadline to run. *See Kim v. Queens Med. Ctr.*, 2019 WL 9078779, at *3 (D. Haw. Oct. 29, 2019) ("The thirty-day window for removal triggered by an initial pleading under Section 1446(b)(1) *does* require formal service of the summons and complaint." (emphasis in original)).

The Myhres also assert that Ohana Law Firm was properly served via registered agent on August 19, 2025 with subsequent removal occurring on December 18, 2025, more than 30 days later. Dkt. No. 11 ¶ 23. However, even if the Court assumed that Ohana Law Firm was properly served—something which Ohana does not concede (*see generally*, Dkt. No. 8-1)—the Myhres make no mention of Dean who, according to Defendants, also has never been properly served. *Id.* "In a multi-defendant suit where parties are served at different times, the last served defendant timely removes a case if the notice of removal is filed thirty days after service, regardless of when the other parties were effectively served." *Beckman v. Wal-Mart Stores, Inc.*, 2018 WL 1089985, at *2 (S.D. Cal. Feb. 26, 2018) (citing 28 U.S.C. § 1446(b)(2)(C); *see also Delfino v. Reiswig*, 630 F.3d 952, 956 (9th Cir. 2011) ("[W]e hold that each defendant is entitled to thirty days to exercise his removal rights after being served."). Because Plaintiffs do not address when or even

if Dean was properly served, the 30-day period, at least as to him, appears to have never begun. *See Heagens v. Ganon*, 2025 WL 1937613, at *1 (D. Nev. July 15, 2025) ("Given that [d]efendant was never served, the 30-day removal clock never started, so his removal was timely."); *Elat Props., LLC v. Falls Lake Nat'l Ins. Co.*, 2024 WL 4149713, at *3 (C.D. Cal. Sept. 11, 2024) ("Because [p]laintiff never properly served [d]efendant with the summons and complaint, § 1446(b)'s thirty-day removal window was never triggered, and [d]efendant's removal was timely."). Accordingly, removal was timely.

## IV. State Court Appearance

The Myhres argue Dean's decision to "affirmatively s[eek] relief" in state court by making "a substantial appearance" to contest jurisdiction and service means he waived the right to litigate anywhere else. Dkt No. 11 ¶¶ 26–33. They further claim that Dean "confirm[ed] Hawaiʻi ties sufficient to destroy diversity jurisdiction" by providing a Hawaiʻi business address to the state court. *Id*. ¶ 31–33.

To the extent that the Myhres argue that Dean maintaining a business address in Hawaiʻi suffices to prove his citizenship for diversity purposes, they are mistaken. *See Mcavoy v. Lowe's Home Centers LLC*, 2022 WL 2072672, at *4 (C.D. Cal. June 9, 2022) ("[C]onducting business in a state does not necessarily make an individual a citizen of that state for diversity jurisdiction purposes."). As explained above, the

relevant question for determining the citizenship of an individual is domicile, not activity. As also explained above, Dean has already established that his domicile is California, something which the Myhres do not meaningfully contest. *See* Discussion, Section I, *supra*.

As for waiver, a defendant "may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there, and to abandon his or her right to a federal forum." *Resol. Tr. Corp. v. Bayside Devs.*, 43 F.3d 1230, 1240 (9th Cir. 1994), *as amended* (Jan. 20, 1995). Such a waiver, however, must be "clear and unequivocal," *id.*, and "[g]enerally speaking, 'the right of removal is not lost by action in the state court short of proceeding to an adjudication on the merits,'" *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 790 (9th Cir. 2018).

Here, the Myhres allege that Dean appeared in state court to "fil[e] a Motion to Dismiss for lack of jurisdiction, insufficiency of service, and lack of personal service." Dkt. No. 11 ¶ 27. Dean similarly provides in his declaration that "his participation in the state court action was limited to raising jurisdictional and service-related objections." Dkt. No. 15-1 ¶ 18. These activities fall far short of an adjudication on the merits, *Kenny*, 881 F.3d at 790, and Dean's decision to make a special appearance in state court to contest jurisdiction does not constitute the kind

of "clear and unequivocal" waiver this Court requires, *Resol. Tr. Corp.*, 43 F.3d at 1240. Remand, based on an alleged waiver, is denied.

## V.     Judicial Estoppel

On a similar note, the Myhres claim that by previously "invoking Hawaiʻi jurisdiction . . . only to reverse course and claim Federal Jurisdiction," Defendants took an inconsistent position warranting judicial estoppel. Dkt. No. 11 ¶¶ 34–37.

Judicial estoppel is an "equitable doctrine invoked by a court at its discretion," *New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (internal quotation marks omitted), in order to "prevent a party from gaining an advantage by taking inconsistent positions" and "protect against a litigant playing fast and loose with the courts," *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (internal quotation marks omitted). The Ninth Circuit permits the application of judicial estoppel only in "cases where the court relie[s] on, or accept[s], the party's previous inconsistent position." *Id*. at 783 (internal quotation marks omitted). To determine if judicial estoppel applies, courts look to whether "the party's later position is clearly inconsistent with its earlier position." *Wahl v. Boeing Co.*, 2020 WL 3119065, at *4 (W.D. Wash. June 12, 2020).

Judicial estoppel is not appropriate here because, from a review of the record, there is no contradiction between Defendants' past and present positions. The Myhres claim that Defendants "invoke[ed] Hawaiʻi jurisdiction" by litigating in state

court, Dkt. No. 11 ¶ 34, but that litigation was limited to appearing in order to *dispute* the state's jurisdiction.  Defendants were contesting the state court's jurisdiction, not consenting to it, and their decision to remove the action to a different court is consistent with that stance.  Judicial estoppel therefore does not apply.

## CONCLUSION

Because Defendants have complied with the removal statutes they rely on, the Myhres' motion to remand, Dkt. No. 11, is DENIED.  Moreover, because the Myhres' sanctions demand lacks any basis, it too is DENIED.

IT IS SO ORDERED.

DATED: March 6, 2026 at Honolulu, Hawaiʻi.



_____
Derrick K. Watson
Chief United States District Judge

---

Rina H. Myhre, et al vs. William Dean, et al; Civil No. 25-00531 DKW-KJM; **ORDER DENYING PLAINTIFFS' MOTION TO REMAND**